

ORDERED in the Southern District of Florida on February 6, 2015.

Laurel M. Isicoff, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

| | |
|---|---|
| In Re:  PORCHIA DURHAM | CASE NO.: 14-24989-LMI |
| | Chapter 7 |
| Debtor_____/ | |
| PORCHIA DURHAM | |
| Plaintiff/Debtor | |
| v. | |
| HOMESTEAD HOUSING AUTHORITY | Adv. No.  15-01003-LMI |
| Defendant_____/ | |

### AGREED ORDER
### ON PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

On January 5, 2015, Plaintiff filed the instant adversary claim against the Defendant seeking declaratory and injunctive relief, damages, attorneys fees and costs for alleged violations of 11 U.S.C. § 362(a),  11 U.S.C. § 524(a) and  11 U.S.C. § 525(a) (the "Complaint")(ECF #1). Plaintiff

1

filed on the same day, her Emergency Motion for Temporary Restraining Order and Preliminary Injunction seeking to resume the housing assistance payment ("HAP") to Plaintiff's landlord until final adjudication of the Complaint (the "Motion")(ECF #2). On January 9, 2015, the Court granted the Plaintiff's request for a temporary restraining order (ECF #9). On January 16, 2015, the Court set the Motion for a final evidentiary hearing to occur on February 12, 2015, at 10:00 a.m. (ECF #12).

On January 23, 2015, Defendant rescinded its termination of Plaintiff from the Section 8 Voucher Program ("Section 8") and Plaintiff thereby resumed her participation in Section 8 retroactively. Plaintiff must continue to comply with Section 8 rules and regulations for continued qualification. As a result of the reinstatement, Defendant has resumed the housing assistant payment ("HAP") to the Plaintiff's landlord pursuant to the terms of the parties HAP contract. Plaintiff will not be terminated from Section 8 because of the debt or for any of the reasons alleged by the Defendant in its termination notice of June 6, 2014, and July 10, 2014. This has, in effect, provided the relief Plaintiff demanded in her Motion for Injunctive Relief and therefore requires no further action of the court.

The parties disagree as to whether the Plaintiff's reinstatement in Section 8 resolves the Complaint. Accordingly, the Plaintiff will continue to proceed with her requested relief as demanded in the Complaint, and in accordance with the court's scheduling order pending the disposition of the Defendant's Motion to Dismiss Adversary (ECF #14).

IT IS ACCORDINGLY ORDERED:

1. The Plaintiff's Motion for Injunction (ECF #2) is denied as moot.
2. The hearing on Plaintiff's Motion for Injunction scheduled for February 12, 2015, at 10:00 a.m. is cancelled.

3.	Defendant's Motion to Dismiss the Adversary (ECF #14) shall be heard on February 12, 2015 at 10:00 a.m.

4.	The parties shall otherwise proceed in accordance with the court's scheduling order.

# # #

Copies to:

Porchia L. Durham, Debtor
Stephen P. Lewis, Esq.
Rex Russo, Esq.

*Attorney Lewis is directed to serve a copy of this Order upon all parties in interest and file a certificate of service with the clerk of court.*