UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

                                 Case No.   14-24989-LMI

PORCHIA DURHAM                    Chapter 7

       Debtor.
_____/

PORCHIA DURHAM

       Plaintiff,

v.

HOMESTEAD HOUSING AUTHORITY         Adv. Case No. 15-01003-LMI

       Defendant(s)
_____/

**HOMESTEAD HOUSING AUTHORITY'S *AMENDED* MEMORNDUM OF LAW IN
OPPOSITION TO AWARD OF PUNITIVE DAMAGES AND ATTORNEY FEES**
**(to add exhibit and amount certain as to attorney fees)**

     The Homestead Housing Authority, Florida (the "Housing Authority"), by and through

undersigned counsel, hereby respectfully files this memorandum of law in opposition to punitive

damages and as to attorney fee amounts in response to this Court's *Memorandum Opinion in*

*Support of Final Judgment and Directing Further Briefing on Damag*es [D.E. 49] (the "Final

Judgment") as well as plaintiff Porchia Durham's ("Plaintiff") *Memorandum of Law in Support*

*of an Award of Punitive Damages Against the Homestead Housing Authority* [D.E. 45]

("Punitive Brief").  For the reasons set forth – namely Bankruptcy Code Section 106(a)(3) and

Florida Statute Section's 768.28 preclusion of punitive damages against government entities and

additional circumstances herein – this court should not award punitive damages against the

Housing Authority and may properly limit the attorney fees entitlement.    In support thereof, the

Housing Authority States as follows:

Case No.  15-01003-LMI

## INTRODUCTION

The Court may properly deny the award of punitive damages. The Housing Authority is an entity subject to the applicable Bankruptcy Code and Florida Statute prohibition against punitive damages. Not only is the Housing Authority a governmental unit, but one tasked with providing funds so individuals with modest means can afford shelter.  Ironically, any money used by the Housing Authority to satisfy a punitive or other award translates to fewer, precious budget dollars available for proper advice in any other bankruptcy context or  to house  families seeking affordable housing in the area.  Any punitive damage award -- beyond actual damages and attorney fees would, in essence, be an unearned "windfall" to Ms. Durham to the detriment of other similarly situated individuals. The Housing Authority and its Board of Directors are now fully informed of the intricacies of a bankruptcy filing and the automatic stay.  It is doubtful that the requested punitive damage award will have any further impact than that already received and acknowledged by the Defendant.

Further, while the Court found the Plaintiff the prevailing party on her claim and is entitled to an attorney fee award, the amount should be carefully considered given the unique circumstances herein. The underlying grievance subject of this adversary was resolved early on in this case – January  2015.   Nonetheless, Plaintiff chose to proceed to fully litigate her case through Legal Aid of Miami against the Housing Authority – ironically another agency whose mission and goal are to serve those of modest means.

There are no discovery violations, no documents were withheld in this case.   Plaintiff proceeded to fully litigate this case *after the services were reinstated by the Housing Authority.* That the Housing Authority was unable to act more quickly to rectify the situation is a reflection of the processes and procedures inherent in a local governing body and not to be mistaken with

2

WEISS SEROTA HELFMAN COLE & BIERMAN, P.L.

Case No.  15-01003-LMI

improper intent.   Accordingly, Court should deny the punitive damages and limit the attorney fees awarded accordingly to $8,137.50.

## RELEVANT BACKGROUND AND PROCEDURAL HISTORY

1.      The Housing Authority did not file a proof of claim in the underlying chapter 7 case, or otherwise make an appearance until after the chapter 7 was initially closed.

2.      On January 5, 2015, Plaintiff filed this adversary proceeding complaint [DE 1]. The complaint sought a declaration that the Housing Authority violated the automatic stay and awarding the Plaintiff damages, including punitive and attorney's fees (Count I). It also sought a declaration that the Housing Authority violated the discharge injunction and ordering Defendant to reinstate Plaintiff's subsidy payments to her landlord (Count III).   Count III further sought reasonable attorney's fees and costs.

3.      An *Order Granting Motion for TRO and Preliminary Injunction* was issued on January 12, 2015 [DE 9].

4.      Housing Authority's former counsel, Rex Russo, Esq., filed a *Notice of Appearance* on January 14, 2015 [DE 11].

5.      An *Agreed Order Granting Emergency Motion for TRO* was entered on February 9, 2015 as the Housing Authority had reinstated Plaintiff into the Section 8 Voucher Program [DE 19].  That is, the Housing Authority paid the landlord the rent arrears and rescinded the termination.    Plaintiff's pending motion for injunction [DE 2] was thus rendered moot.

6.      As of the reinstatement date outlined in the *Agreed Order Granting Emergency Motion for TRO,* the total sum of attorney fees incurred was $8,137.50.  See attached Exhibit "A" – highlighted version of Plaintiff's *Notice of Filing Statement of Attorney Time* [DE 40 at

3

Case No.  15-01003-LMI

pages 3-4].  This amount represents the 21.7 hours billed through that date at the $375.00 rate set forth in Plaintiff's *Amended Affidavit of Attorney Fees and Costs* [D.E. 41].

7.      This Court ruled from the bench on November 24, 2015, finding in favor of the Plaintiff on the Counts I and Counts III – violation of the automatic stay and the discharge injunction order.

8.      On December 18, 2015, Defendant filed a series of Affidavits of Attorney's Fees and Costs and Statements of Attorney Time [DE 38-41].

9.      Former counsel for the Housing Authority filed a motion to withdraw his appearance on January 20, 2016, which motion was granted on February 8, 2016 [DE 42, 46, respectively].

10.     Defendant filed her Punitive Brief on February 1, 2016.

11.     This Court's Final Judgment was entered on February 11, 2016.

## ARGUMENT

Bankruptcy Code Section 106(a)(3) specifically provides that punitive damages may not be awarded against a governmental unit.  *See also Taylor v. United States* (*In re Taylor*), 263 B.R. 139, 153 (N.D. Ala. 2001). The Bankruptcy Code broadly defines a "governmental unit" as "United States; State; Commonwealth…municipality…department, agency or instrumentality…or other foreign or domestic government."  The Plaintiff and this Court have noted that the Housing Authority is in fact a "public body corporate and politic organized and existing under Florida Statutes Chapter 421."  Final Judgment at page 2.  Further, any wrong-doing or bad faith of an individual  leading to a finding against the Housing Authority would not otherwise support a finding of punitive damages against the Housing Authority.  *See e.g, City of Newport v. Fact Concepts, Inc.,* 453 U.S. 247 (1981) (neither applicable legislative

4

Case No. 15-01003-LMI

history nor public policy support granting of punitive damages against a municipality for the bad faith of its officials).

Similarly, Florida Statute 768.28(5) precludes liability for punitive damages against "the state and its agencies and subdivisions." Pursuant to Florida Statute, "state agencies and subdivisions" is also broadly defined to include "the independent establishments of the state, including.. counties and municipalities; and corporations primarily acting as instrumentalities or agencies of the state, counties or municipalities." F.S. 768.28(2).

Stripped of rhetoric, Plaintiff argues no legitimate bases upon which the Court might reasonably sanction the Housing Authority with an award of punitive damages in addition to the entitlement to attorney fees. Even if the Housing Authority were not subject to the punitive damages restriction set forth in Bankruptcy Code 106 and the Florida Statute, the criteria for awarding punitive damages as set forth in the cases cited in Plaintiff's Brief are not satisfied.

The cited criteria for an award of punitive damages include the nature of the violator's conduct – in this case a misunderstanding of bankruptcy law; the nature and extent of the harm to the debtor - $408 as observed by the court. As for a violator's ability to pay the damages sought, Plaintiff's own Punitive Brief states the amount sought "at least $7,000" is the sum total of the "approximately $7,000… earmarked for legal expenses." D.E. 45 at page 5. That is, Plaintiff suggests paying the Housing Authority's entire budget over as punitive damages, arguably stripping it of its ability to obtain appropriate guidance in the future. In this case the "improper motive" by the Plaintiff was the incorrect application of its directive to guard Housing Authority funds. *See In re Wagner*, 74 B.R. 898, 905-6 (Bankr. E.D. Pa. 1987)(quoting *Cechetti v. Desmond*, 572 F.2d 102, 106 (3d Cir. 1978). *See also In re White* 410 B.R. 322, 327 (Bankr M.D. Fla. 2009); *In re Keen*, 301 B.R. 749, 755 (Bankr. S.D. Fla. 2003).

5

WEISS SEROTA HELFMAN COLE & BIERMAN, P.L.

Case No.  15-01003-LMI

Prior counsel for the Housing Authority advised the Defendant would not challenge the entitlement to attorney fees.  In sum, while the Housing Authority regrets the circumstances which led to this adversary proceeding and the situation in which the Plaintiff found herself and for the reasons set forth above, it respectfully objects to the imposition of punitive damages and sanctions beyond the actual damages and reasonable attorney fees and costs: $8,137.50.  *See also, Sternberg v. Johnston*, 595 F.3d 937, 947 (9th Cir. 2010) ("Once the [stay] violation has ended, any fees the debtor incurs after that point in pursuit of a damage award would not be compensated for 'actual damages' under 362(k)(1)").  The Housing Authority does not object to attorney's fees and reasonable costs sought by the Plaintiff up through and including January 23, 2015, the date the Housing Authority rescinded its termination of Plaintiff From the Section 8 Voucher Program and Plaintiff resumed her participation in Section 8 retroactively.  *See* Agreed Order at page 2.

Defendant has in fact resumed the housing assistant payment to the Plaintiff's landlord pursuant to the terms of the parties' contract.  As the February 9, 2015 Agreed Order provides, "[t]his has, in effect, provided the relief Plaintiff demanded in her Motion for Injunctive Relief and therefore requires no further action of the court."

## CONCLUSION

Plaintiffs' request for punitive damages should be denied. In addition to the cited Bankruptcy Code Section precluding punitive damages under the circumstance, plaintiffs argue no legitimate point upon which such extraordinary sanctions might reasonably be imposed against the Housing Authority – a non-for profit agency with limited resources to assist other individuals like the Plaintiff. To the contrary, the award of punitive damages in addition to the actual costs and award of reasonable attorney fees amounts to a windfall for the Plaintiff to the

6

Case No.  15-01003-LMI

detriment of other similarly situated and law abiding recipients of the Housing Authority's services.

**WHEREFORE**, the City respectfully requests this Court enter an Order denying Plaintiff's request for punitive damages against the Housing Authority and limiting the attorney fees and costs award to no more than $8,137.50 the amount incurred through January 23, 2015 and for such other and further relief as the Court deems just and proper.

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on March 7, 2016, a true and correct copy of the foregoing was served via CM/ECF electronic transmission upon those parties who are registered with the Court to receive electronic notifications in this matter.

WEISS SEROTA HELFMAN
COLE & BIERMAN, P.L.
*Counsel for Homestead Housing Authority*
2525 Ponce de Leon Boulevard, Suite 700
Coral Gables, Florida 33134
Telephone:    305/854-0800
Facsimile:    305-854-2323

By:    /s/   Aleida Martinez Molina
       Aleida Martinez Molina
       Florida Bar No. 869376

W E I S S   S E R O T A   H E L F M A N   C O L E   &   B I E R M A N ,   P. L .